U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 3 2008
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM M. MABERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-453-A |
| | § | |
| GENE MAYO, SHERIFF OF HOOD COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, William M. Mabery, filed this suit pro se under 42 U.S.C. § 1983, naming as defendants, Gene Mayo ("Mayo"), Sheriff of Hood County and Officer Saux ("Saux"), former employee of the Hood County Sheriff's Department. As the court stated in its September 13, 2007, order in the above-captioned action, it appears that plaintiff is suing Saux in both his official and individual capacities, and that he is suing Mayo in his official capacity only. Plaintiff's claims against Mayo and Saux in their official capacities will be treated as claims against Hood County, Texas ("Hood County"). See, e.g., Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996). On November 30, 2007, Hood County filed its motion to dismiss, or in the

alternative, motion for summary judgment. Plaintiff has not responded to the motions.

I.

Relevant Facts

The following facts are undisputed in the summary judgment record:

On September 2, 2006, plaintiff, while being held in "Pod C" at the Hood County Detention Center, was involved in a physical altercation with Saux. While the sequence of events and some details are disputed, the parties agree that plaintiff's nose was injured during the altercation. That same day plaintiff completed a "Request for Services" form, requesting medical treatment for his nose. At some point plaintiff was placed on the medical provision list for September 5. At approximately 9:00 a.m. on September 3, plaintiff asked Officer Isaac Rodriguez ("Rodriguez") to be taken to the hospital. Rodriguez gave plaintiff two hot pads and four ibuprofen while plaintiff awaited further treatment from a nurse. Plaintiff told Rodriguez that he wanted to file a grievance and Rodriguez gave him a grievance form and an envelope. Plaintiff did not file a step one or step two grievance form with his place of confinement.

II.

Analysis

To properly state a claim under § 1983, plaintiff "must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999)(internal quotation marks omitted). Here, plaintiff argues that his Eighth Amendment right to be free of cruel and unusual punishment was violated when an officer used excessive force injuring his nose and he was not given proper medical treatment.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) says that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates are not required to specially plead or demonstrate exhaustion of administrative remedies in their complaints, rather, their failure to exhaust may be raised as an affirmative defense. Jones v. Bock, 127 S.Ct. 910, 921 (2007).

Hood County argues that plaintiff's civil rights claims are barred as a matter of law because he "<u>judicially admits he has failed to exhaust administrative remedies</u>". Defs.' Br. Mot. Summ. J. 5-6. Hood County bases this argument on the fact that plaintiff checked "No" on the form he submitted in filing his § 1983 complaint. The only evidence that any attempt was made to complain about the incidents involved in the instant action is a copy of a letter from the Texas Commission Jail Standards, attached to plaintiff's complaint as Exhibit I. The letter states that plaintiff's "concerns regarding the Hood County Jail have been reviewed by the complaint inspector [and] it was determined that no violation of jail standards has occurred." Pl.'s Compl. Exh. I. Hood County maintains that the letter "appears to be the Commission's response to complaints as to the medical opinions relating to Plaintiff's alleged injuries [and that] [s]uch complaints are not sufficient grievances as to the alleged conduct of Defendants Mayo and Saux." The court agrees that the fact that plaintiff apparently complained to the Commission does not suffice for meeting the exhaustion requirement.

Hood County has adduced evidence that plaintiff failed to properly follow the two step grievance procedure the jail has in

4

place as he never filed the initial grievance form that was given to him by Rodriguez and he did not appeal to the Inmate Grievance Appeal Board. The court can only assume that plaintiff does not dispute the assertion that he failed to exhaust his administrative remedies. He indicated that he did not exhaust them by checking the "No" box when asked the question in the form filed with the instant action and he has not responded to Hood County's motion seeking dismissal of claims against it based on plaintiff's failure to exhaust. While the court is not convinced that simply checking the "No" box would bar plaintiff from demonstrating that he did in fact exhaust his administrative remedies, the court concludes that Hood County has adduced undisputed evidence, leaving no genuine issue of material fact, that plaintiff did not exhaust administrative remedies with respect to the claims against it.[1]

---

[1] The court notes that because all of plaintiff's claims against Hood County, meaning those claims he asserted against Mayo and Saux in their official capacities, are being dismissed, plaintiff's only remaining claims in the instant action are against Saux in his individual capacity.

III.

Order

For the reasons discussed above, the court concludes that Hood County's motion for summary judgment should be granted. Therefore,

The court ORDERS that all of plaintiff's claims and causes of action asserted against Hood County be, and are hereby, dismissed for failure to exhaust administrative remedies.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal ordered above.

SIGNED January 3, 2008.

JOHN McBRYDE
United States District Judge